**AMERICAN PAPER INSTITUTE,**
**Plaintiff,**

**v.**

**Russell TRAIN et al., Defendants.**

**Civ. A. No. 74–814.**

United States District Court,
District of Columbia.

Sept. 20, 1974.

Thomas H. Truitt, Washington, D. C., for plaintiff.

Martin Green and Thomas C. Lee, Pollution Control Section, Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiff brought this action to set aside certain regulations setting forth water pollution effluent limitations guidelines and standards of performance for the pulp, paper and paperboard industries. These regulations were published pursuant to the Federal Water Pollution Control Act Amendments of

**554**

1972 ("FWPCA" or "the Act"); Pub. L. 92–500, 86 Stat. 816, 33 U.S.C. § 1251 et seq. (October 18, 1972) [1]

The precise issue is whether this Court has jurisdiction to review the regulations in question. Plaintiff contends that the challenged regulations are reviewable in this Court pursuant to the Administrative Procedure Act ("the APA"), 5 U.S. C. § 555 et seq. Defendants maintain that the regulations are effluent *limitations* issued pursuant to § 301 of the Act, 33 U.S.C. § 1311. Plaintiff's argument appears to be that the regulations in question are *guidelines* issued pursuant to § 304(b) of the Act, 33 U.S.C. § 1314 (b) or that, if not guidelines, are void limitations promulgated erroneously in the stead of guidelines. In either event, plaintiff claims these regulations are reviewable in this Court under the provisions of the APA (Section 10(a)). Assuming *arguendo* that the regulations are guidelines only, or guidelines divisible from *limitations* for purposes of review, we hold that this Court does not have jurisdiction to review.

 The FWPCA at § 304(b) provides for the promulgation of guidelines as an aid to the establishment of effluent limitations standards of performance for existing point sources, such limitations to be promulgated for use in the permit issuance mechanism to be put in effect no later than July 1, 1977. See 33 U.S.C. §§ 1311 and 1314(b). Since guidelines are only an aid in establishing effluent limitations and since limitations, not guidelines, comprise the standards of performance for the issuance of permits, plaintiff cannot be heard to complain that it is "adversely affected or aggrieved" by guidelines, the criteria of Section 10 (a) of the APA. If these regulations are limitations, which this Court holds they in fact are, § 509 of the FWPCA provides for review by a United States Court of Appeals and not by a United States District Court. We therefore lack subject matter jurisdiction.

As to whether review of these regulations might be had in this Court as well as the Court of Appeals—the law is clear that "when Congress has specified a procedure for judicial review of administrative action, courts will not make nonstatutory remedies available without a showing of patent violation of agency authority or manifest infringement of substantial rights irremediable by the statutorily-prescribed method of review. . . ." Nader v. Volpe, 151 U.S.App.D.C. 90, 95, 466 F.2d 261, 266 (1972). Accordingly, plaintiff's complaint is dismissed for the jurisdictional reason already set forth. An order consistent with the foregoing has been entered this date.

---

1. Regulations under challenge were promulgated by EPA at 40 C.F.R. §§ 430.10 through 430.56, 39 Fed.Reg. 18742 (May 29, 1974) and at 40 C.F.R. §§ 401.10 through 401.12, 39 Fed.Reg. 4537 (February 4, 1974) insofar as they are applicable to 40 C.F.R. §§ 430.10 through 430.56 and are therefore reviewable only by a Court of Appeals, pursuant to § 509(b)(1) of the Act, 33 U.S.C. § 1369.